# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

BOBBY JOE NIXON, III                                                                            PLAINTIFF

v.                              NO. 4:16-cv-00669 DPM-PSH

SCOTT BRADLEY, RANDY MURRAY,                                                        DEFENDANTS
TRACEY SUTTERFIELD, and GREYSON COOPER

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## FINDINGS AND RECOMMENDATION

Plaintiff Bobby Joe Nixon, III, ("Nixon") commenced the case at bar on September 15, 2016, by filing a pro se complaint pursuant to 42 U.S.C. 1983. He accompanied his complaint with a motion for leave to proceed in forma pauperis. His motion was granted on September 27, 2016. See Document 3. He was notified in the order granting his motion that although he had been given permission to proceed in forma pauperis, he was still obligated to pay the entire $350.00 filing fee and monthly withdrawals would be made from his inmate account until the entire amount was paid. He was additionally informed that the withdrawals would be made even if his lawsuit were dismissed prior to trial.

The defendants were each served with a summons and copy of the complaint. Defendants Scott Bradley, Randy Murray, and Tracey Sutterfield thereafter filed a joint answer to the complaint; defendant Greyson Cooper filed nothing.[1]

On January 17, 2017, Nixon filed the pending motion to dismiss his complaint. See Document 10. In the motion, he asked the following: "I would like to drop the lawsuit and stop payment as of 1-12-17." See Document 10 at CM/ECF 1. The defendants filed a response to Nixon's motion and represented that they had "no objection to the voluntary dismissal of Plaintiff's Complaint without prejudice." See Document 11 at CM/ECF 1.

The undersigned typically has no reservation recommending the granting of a motion for voluntary dismissal. In this instance, though, the undersigned was concerned

---

[1] The summons for defendant Greyson Cooper was returned unexecuted. See Document 9.

about the circumstances under which Nixon asked to dismiss his case. Specifically, he desired to dismiss the case and "stop payment" of the filing fee. Because of that concern, the undersigned found it advisable to alert Nixon to the following possibility: it is unlikely that were his motion granted and his complaint dismissed, he could "stop payment" of the filing fee.[2] Instead, it is likely that he would be required to pay the entire filing fee even if his complaint were dismissed. Given that likelihood, the undersigned desired to know whether Nixon still wanted to voluntarily dismiss his complaint. He was given up to, and including, February 9, 2017, to state whether he still desired to dismiss his complaint. He was notified that if he failed to submit a response, the undersigned would construe his silence to mean he still desired to dismiss his complaint.[3]

February 9, 2017, has now come and gone, and Nixon filed nothing in response to the order soliciting his input about his motion. The undersigned deems his silence to mean he still desires to dismiss his complaint.

The undersigned has no reason to doubt the voluntariness of Nixon's motion for voluntary dismissal. There is nothing to suggest that it was filed under duress or

---

[2] United States District Judge D.P. Marshall, Jr., is the presiding judge in this case. Whether a "stop payment" can be made of the filing fee is ultimately his decision.

[3] Nixon previously filed a notice of change of address. In a footnote in the order giving Nixon until February 9, 2017, to state whether he still desired to dismiss his complaint, the Clerk of the Court was instructed to ensure that Nixon received a copy of the order at his new address.

compulsion. For good cause shown, it is therefore recommended that the motion be granted and Nixon's complaint be dismissed without prejudice. He should nevertheless be compelled to pay the entire $350.00 filing fee, and monthly withdrawals should continue to be made from his inmate account until the entire amount is paid. See In re Tyler, 110 F.3d 528 (8th Cir. 1997) (under PLRA, prisoner responsible for filing fees the moment civil action filed); Copley v. Henderson, 980 F.Supp. 322 (D.Neb. 1997) (prisoner owes full filing fee even if case voluntarily dismissed). Judgment should be entered for all of the defendants. The undersigned certifies that an in forma pauperis appeal taken from the order and judgment dismissing this case would be frivolous and not in good faith.

    DATED this 16th day of February, 2017.

_____
UNITED STATES MAGISTRATE JUDGE